IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SHAHZAIB LAKHANI, through his parent, ZAHRA LAKHANI, <br><br> Plaintiff, <br><br> v. <br><br> HENRICO COUNTY SCHOOL BOARD, <br><br> Defendant. | Civil Action No. 3:21-cv-728–HEH |

## MEMORANDUM OPINION
(Dismissing Case for Failure to Prosecute)

THIS MATTER is before the Court on its own initiative. On January 10, 2022, this Court ordered Plaintiff to file a particularized complaint outlining her claim and what relief she seeks within twenty-one days. (ECF No. 4.) On February 10, 2022, the Court issued another Order giving Plaintiff twenty-one additional days to file a particularized complaint. (ECF No. 5.) The Court also warned Plaintiff that if she did not respond, the Court could dismiss her case for failure to prosecute. (*Id.*) More than twenty-one days have now elapsed and Plaintiff has failed to respond.

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court may also dismiss an action for failure to prosecute *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962). In assessing whether dismissal is appropriate under Rule 41(b), a

court must evaluate (1) the degree of the plaintiff's personal responsibility for the failure; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (holding that a court may properly dismiss an action after the Plaintiff failed to obey court orders even after a warning). *Pro se* litigants are not held to the same high standards as attorneys. *Hughes v. Rowe*, 449 U.S. 5, 10 n.7 (1980). They must, however, meet certain standards, including "respect for court orders without which effective judicial administration would be impossible." *Ballard*, 882 F.2d at 96.

Here, the *Chandler* factors all point towards dismissal. The Court has granted Plaintiff ample time to respond to its orders and she has failed to communicate in any way. This lack of communication causes significant prejudice to Defendant. It needlessly delays litigation and causes Defendant to expend extra resources. Plaintiff has now twice refused to respond to this Court's orders. The Court has no way of communicating with Plaintiff beyond issuing another Order requesting her to respond, and prior orders have proved to be futile. Thus, the only option remaining is dismissal of the action.

The Court, therefore, will dismiss the case without prejudice for failure to prosecute under Rule 41(b).

An appropriate Order will accompany this Memorandum Opinion

/s/
Henry E. Hudson
Senior United States District Judge

Date: March 10, 2023
Richmond, Virginia